IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN CONTRERAS-PARADA,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CR-9-TC |

Defendant Martin Contreras-Parada moves for dismissal of the indictment against him[1] for violation of his right to a speedy trial under 18 U.S.C. § 3161(c). He seeks dismissal with prejudice, in accordance with 18 U.S.C. § 3162, contending that the government failed to bring him to trial within the seventy-day statutory period. For the reasons set forth below, the court holds that no violation of the Speedy Trial Act has occurred. Accordingly, Mr. Contreras-Parada's Motion to Dismiss With Prejudice is DENIED.

**DISCUSSION**

During the January 12, 2010 arraignment hearing for Defendant Martin Contreras-Parada before United States Magistrate Judge Alba, Mr. Contreras-Parada pleaded not guilty. At the

---

[1]Mr. Contreras-Parada is indicted on nine felony counts, consisting of five counts of producing or possessing fraudulent immigration documents and blanks/laminate stock (in violation of 18 U.S.C. § 1546(a)), three counts of transfer of a false U.S. identification document (in violation of 18 U.S.C. § 1028(a)(2)), and one count of transferring a firearm to a restricted person (alien) (in violation of 18 U.S.C. § 922(d)(5)). (Docket No. 1.)

same hearing, Magistrate Judge Alba ordered (upon motion from the Government) that the Indictment be unsealed. Accordingly, on January 12, 2010 (Defendant's first appearance in the case), the 70-day clock for the Speedy Trial Act, 18 U.S.C. § 3161 et seq., began ticking. See 18 U.S.C. § 3161(c)(1) (requiring that criminal defendant be tried within seventy days of the filing of the information or indictment or the defendant's appearance before a judicial officer, whichever comes later). If the court finds a violation of the Speedy Trial Act, the court must dismiss the Indictment. United States v. Williams, 511 F.3d 1044, 1049 (10th Cir. 2007).

The presumptive speedy trial cut-off date would have been March 23, 2010, in the ordinary case. But certain events in this case tolled the running of that clock. See 18 U.S.C. § 3161(h) (listing periods of delay to be excluded when computing Speedy Trial Act time, including pretrial motions). In addition to the tolling by pretrial motions, see 18 U.S.C. § 3161(h)(1)(D), "ends of justice" continuances tolled the clock as well.

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A) (emphasis added).

Here, the time period at issue extends from January 12, 2010, to August 23, 2010 (the date trial is to begin), for a total of 223 days, or 153 days over the 70-day limit.

Mr. Contreras-Parada contends that the continuances do not satisfy the requirements of 18

U.S.C. § 3161(h)(7)(B) (listing factors for the court to consider when deciding whether to grant an "ends of justice" continuance). Specifically, under the Speedy Trial Act, the court must consider four factors, of which the following three are particularly relevant here:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to [among other things] the nature of the prosecution, . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

Mr. Contreras-Parada also contends that the continuances do not fulfill the Speedy Trial Act obligations emphasized by the Tenth Circuit Court of Appeals in United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), United States v. Williams, 511 F.3d 1044 (10th Cir. 2007), and United States v. Gonzales, 137 F.3d 1431 (10th Cir. 1998).

First, he contends that some of the continuances were issued retroactively, in violation of the principles set forth in Tenth Circuit law. "[A]lthough the ends-of-justice findings mandated by the [Speedy Trial] Act 'may be entered on the record after the fact, they may not be made after the fact.'" Williams, 511 F.3d at 1055 (prohibiting newly-ordered continuance excluding days that have already passed).

Second, Mr. Contreras-Parada contends that the court failed to make the requisite factual

3

findings when it granted the ends-of-justice continuances. "[T]he record must clearly establish the district court considered the proper factors at the time such a continuance was granted." Toombs, 574 F.3d at 1269 (internal quotation marks and citation omitted). Along similar grounds, he maintains that the findings that were made were too conclusory or were not sufficient reasons to grant a continuance. For instance, he cites Gonzales for the proposition that the court must inquire about the details justifying the movant's reason for seeking a continuance (for example, by probing the reasons why the prosecutor believes the case is complex and how more time is necessary to avoid a miscarriage of justice). See Gonzales, 137 F.3d at 1434-35 (holding that district court failed to create adequate record of reasons for granting continuance because, for example, district court did not inquire into nature or complexity of case, why continuity of counsel was necessary, whether another government prosecutor could take the case, and how much time prosecutor actually needed to prepare). According to the Tenth Circuit in the Toombs case, "Our decisions in Williams and Gonzales indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." Toombs, 574 F.3d at 1271.

Section 3161(h)(7), the authority for granting ends-of-justice continuances, "affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case." Williams, 511 F.3d at 1049. For example, the mode for articulating the reasons can vary. The important principle is that "it must be clear from the record that the trial court struck the proper balance when it granted the continuance." Id. at 1056 (emphasis added). A court "need not articulate facts which are obvious and set forth in the motion for continuance

4

itself." Id. at 1057. Even if findings are "not a model of clarity," the continuance passes muster if the reason for granting the continuance is clear from the record. Id. at 1058.

In addition, although a court may not make findings after the continuance has been granted, "findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss." Toombs, 574 F.3d at 1269 (citing Zedner v. United States, 547 U.S. 489, 506-07 & n.7 (2006)); see also United States v. Spring, 80 F.3d 1450, 1456 (10th Cir. 1996) (noting that court "need not necessarily *expressly* conduct a balancing or use particular language, so long as the court gives some indication, contemporaneous with the grant of the continuance, to which the later findings referred.") (internal citation and quotations omitted).

Mr. Contreras-Parada challenges five "ends of justice" continuances: (1) continuance made by Magistrate Judge Alba on the record during the January 12, 2010 arraignment;[2] (2) Judge Alba's re-affirmation of that continuance during a February 22, 2010 status conference;[3] (3) May 21, 2010 Order of Continuance[4] which granted the Defendant's Motion to Continue Trial;[5] (4) June 28, 2010 Order of Continuance[6] that essentially amended the May 21,

---

[2]See Minute Entry for Proceedings on January 12, 2010 (Docket No. 3).

[3]See Feb. 22, 2010 Tr. of Status Conference (Docket No. 51). This occurred on the forty-first day after the initial appearance, clearly within the seventy-day time limit.

[4]Docket No. 25.

[5]Docket No. 24.

[6]Docket No. 35.

5

2010 Order; and (5) July 15, 2010 Order of Continuance[7] further amending the May 21, 2010 Order of Continuance in response to an objection filed by the United States as to the form of the earlier orders of continuance.

1.   January 12, 2010 Continuance Ordered by Magistrate Judge Alba

On January 12, 2010, the court addressed (in a sealed proceeding) the Government's potential safety concerns arising out of the United States' obligation to disclose confidential informants during discovery. Rather than set a trial date, as is the usual practice, the court ordered the parties to confer about the best way to handle discovery and to appear at a February 22, 2010 status conference to finalize the matter. From the bench, as reflected in the court's minute entry, the court ordered that all time be excluded from computation under the Speedy Trial Act from January 12, 2010, until discovery issues were resolved and a trial date had been set.[8] (See Jan. 12, 2010 Minute Entry (Docket No. 3).)

2.   February 22, 2010 Continuance Ordered by Magistrate Judge Alba

During the February 22, 2010 status conference, the parties discussed security concerns with the court, off the record.[9] The court's statements were somewhat vague (it seems in part because the discussions about the issues were sealed), but the reasons for granting the

---

[7]Docket No. 50.

[8]Although the court told the government to submit a draft order continuing the time, no order was ever prepared. But the court finds that the oral ruling from the bench was sufficient. See 18 U.S.C. § 3161(h)(1)(D) (allowing court to orally grant ends-of-justice continuance and set forth on the record its reasons for granting continuance). (See also Feb. 22, 2010 Hr'g Tr. at 3 ("THE COURT: Let's go on the record . . . . The last time we appeared when this matter was set [i.e., January 12, 2010] there was a question as to how we're going to proceed with discovery.").

[9]These concerns are set forth in the government's Feb. 8, 2010 Sealed Motion (Docket No. 16).

continuance can be discerned from the contemporaneous record. Those reasons include the need for delayed and carefully monitored discovery, and continuity of counsel.

The court again requested that the government prepare and submit a proposed order to cover not only the continuance granted on January 12, 2010, but also the continuance granted during the February 22, 2010 status conference. To complicate matters, the Government prepared the order and submitted it for signature (after receiving a stipulation as to form from defense counsel), but the order was never actually signed or entered onto the docket.

Still, from the context of the hearing transcript, the government's sealed motion for a protective order, and the court's oral order,[10] it is clear that the court considered and found specific facts regarding complex discovery issues, the need for delayed discovery, and continuity of counsel. The court was balancing the safety of confidential informants against the Defendant's need to prepare.

The court holds that the magistrate judge's oral order excluding time until the June 7th trial date is supported by the record and, accordingly, sufficient under 18 U.S.C. § 3161(h)(7)(A) (allowing court to set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice" are served by such continuance).

3. May 21, 2010 Order of Continuance Granting Defendant's Motion to Continue Trial

The trial was set to begin June 7, 2010. But on May 18, 2010, the Defendant filed a

---

[10]Moreover, the Government provided evidence of reasons, drafted contemporaneously with the court's oral order and approved as to form by defense counsel, why the continuance was granted. (See Attachment B to U.S.'s Mem. Opp'n to Def.'s Mot. Dismiss (Docket No. 56-2) (containing February 24, 2010, and February 25, 2010 e-mails forwarding proposed order of continuance to the court).

Motion to Continue Trial, stating:

    1.    The above-entitled case is set for jury trial on June 7, 2010 at 8:30 a.m.

    2.    Counsel for defendant is awaiting verification of pertinent information, which was made known to him during counsel's investigation in this matter.

    3.    Counsel for defendant and the government continue to engage in plea negotiations.

(Def.'s May 18, 2010 Mot. to Continue Trial (Docket No. 24).)

On May 21, 2010, the court granted the continuance and excluded time from the June 7, 2010 trial date to the new trial date of August 23, 2010. The court issued the order "[b]ased on the motion to continue trial by defendant in the above-entitled case, and [for] good cause appearing[.]" (May 21, 2010 Order To Continue Jury Trial (Docket No. 25).)

The magistrate judge was allowing defense counsel more time to investigate information that—for security purposes discussed in the government's Sealed Motion For Protective Order, the Protective Order, and as discussed during the February 22, 2010 status conference—was not disclosed to defense counsel until four weeks before the June 7, 2010 trial date. Furthermore, the parties were engaging in plea negotiations, which (despite the Defendant's attempt to assert otherwise), is a valid reason to continue. The record reflects the reasons for granting the continuance, and such reasons were valid. Accordingly, the court holds that the May 21, 2010 ends-of-justice continuance satisfied the requirements of the Speedy Trial Act.

4.    <u>A June 28, 2010 Order of Continuance Issued by the Court</u>

    Out of an abundance of caution, the court issued an Order to Continue Jury Trial on June

28, 2010, that clarified the May 21, 2010 Order by adding more detailed language articulating the same reasons that were set forth in the Defendant's original motion to continue. Contrary to Defendant's current assertion, the June 28, 2010 Order is not a retroactive ends-of-justice continuance.[11] And, as discussed above, the reasons for the ends-of-justice continuance were not only reflected in the contemporaneous record but were valid reasons, particularly when viewed in the context of the entire case and events that had occurred before then.

5.    July 15, 2010 Order of Continuance Issued In Response to U.S. Objection

Again, out of an abundance of caution, the court, in response to the government's objection to the language of the May 21, 2010 and June 28, 2010 Orders, issued an even more detailed order of continuance.[12] The effect of the July 15, 2010 Order was to more accurately set forth the reasons already on the record supporting the continuance originally granted on May 21, 2010.[13]

## CONCLUSION

The ends-of-justice continuances were valid. Given those exclusions, as well as the

---

[11] Mr. Contreras-Parada argues that the order was invalid on its face because it was signed by a different judge who was not "present" when the magistrate judge granted the continuance. The argument is not persuasive, because the record before the magistrate judge clearly reflected his reasons for granting the continuance on May 21, 2010, and the very same reasons were simply articulated in more detail in the "corrected" order. Nothing was manufactured, and no speculation occurred.

[12] Contrary to Mr. Contreras-Parada's assertion, the court finds that the government's objection, and the court's July 15, 2010 Order are not evidence or an admission that the May 21, 2010 and June 28, 2010 orders were insufficient. The record was already made. Precautions taken by the parties do not nullify a valid act of the court.

[13] The order also validly continued time from July 15, 2010 to the present. But that is of no consequence because the Speedy Trial clock was tolled on July 12, 2010, when Mr. Contreras-Parada filed the motion to dismiss currently before the court.

undisputed exclusions created by pretrial motions, the 70-day time period has not been exceeded. Accordingly, no Speedy Trial Act violation occurred, and dismissal of the Indictment is not required or appropriate.

**ORDER**

For the foregoing reasons, Defendant Martin Contreras-Parada's Motion to Dismiss (Docket No. 44) is DENIED.

DATED this 20th day of August, 2010.

BY THE COURT:

TENA CAMPBELL
Chief Judge